FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES C. PIERRO, III, | No. 10-55968 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02312-CAS-PLA |
| v. | |
| SPIEGEL DEVELOPMENT, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Plaintiff James Pierro appeals the district court's dismissal of his claims

under the Truth in Lending Act, 15 U.S.C. § 1635, for rescission of his mortgage

loan with the defendants and for monetary damages. Reviewing de novo, *see*

*Cafasso ex rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053–54 & n.4

(9th Cir. 2011), we reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court's ruling that the plaintiff failed to state a rescission claim under the Truth in Lending Act for failure to allege tender or intent to tender is incorrect. Paragraph 9 of the complaint's prayer for relief specifically asks the district court to:

> [o]rder that, because the Defendants failed to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and offsets under his agreements with defendants, and order the Defendants to accept tender on reasonable terms and over a reasonable period of time if any money is due defendants.

Giving the plaintiff all reasonable inferences, the plaintiff's request that the district court determine how much he was required to tender, and to order the defendants to accept his tender, fairly indicates that he intended to comply with his duty to tender.

On remand, the district court should consider whether the plaintiff's November 7, 2008 letter, which the defendants failed to answer within 20 days, effected a rescission, thus triggering the default rescission sequence under the regulations and depriving the district court of the authority to modify that sequence. *See* 12 C.F.R. § 226.23(d)(1)–(4); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003). If not, the district court may also consider

under *Yamamoto* whether to reorder the default rescission sequence, in which the creditor must release its lien before the consumer must tender. *See id.* at 1173.

Additionally, the district court erred in dismissing the plaintiff's monetary damages claim as time-barred. The district court is correct that the original loan transaction occurred in July 2007, more than one year before the plaintiff filed his complaint in April 2009. *See* 15 U.S.C. § 1640(e). But the complaint also pled a damages claim based on the defendants' subsequent failure to comply with the Act's rescission procedures following his November 7, 2008 letter — events occurring less than one year prior to the filing of this complaint. If on remand the district court concludes that the November 7, 2008 letter effected a rescission, that claim would be timely.

**REVERSED AND REMANDED.**